HUBERT WILLIAMS V. THE STATE.

No. 18600. Delivered November 18, 1936.

The opinion states the case.

*W. E. Myres*, of Fort Worth, and *Estes & Estes*, of Granbury, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is driving an automobile upon the public highway while intoxicated; penalty assessed at confinement in the penitentiary for six months.

An automobile collision occurred upon a public highway. The automobile driven by the appellant collided with that operated by Howard Dismukes. Both cars were damaged and serious injuries were inflicted upon Dismukes and his wife. The appellant received a cut on his chin.

Testimony was introduced to the effect that whisky was found in and about the car of the appellant at the time of the collision. From the testimony of the sheriff who arrived on the scene shortly after the collision, we take the following quotation:

"I found some whisky there. When I got there some one had set a half gallon of whisky out by the side of the road, and then later I found another half gallon laying under the Williams' car, and there was whisky all over the car; all inside the car, where it had broken. And on the inside of the car there was something like a quart of whisky still in a jar with the top broken off of it. That was in the Williams' car. There was broken glass in the Williams' car. The glass was scattered all over the car, some in the back, and some in the front. There was whisky spilled in the back of the Williams' car and some in the front of the car."

Appellant testified and denied that he was intoxicated at the time of the collision. However, he admitted that he had drunk about an ounce or two of intoxicating liquor. He denied that the collision was brought about by any negligence on his part.

Dr. Moore testified that the appellant was brought to his emergency sanitarium shortly after the collision; that he treated the appellant who had a cut on his chin. The witness was positive that the appellant was drunk at the time of the collision, and that his condition was not the result of the injuries sustained in the collision.

Bill of Exception No. 1 is based upon the refusal of the trial court to grant the appellant's motion for a continuance because of the absence of the witness, Dr. T. H. Dabney, whose illness prevented his attendance at the trial of the case. The doctor was not an eye-witness to the collision. Neither had he examined the appellant either before or after the collision. Appellant expected to show by the testimony of Dr. Dabney that he was well acquainted with mental and nervous diseases; that the injuries received upon the head by the appellant during the automobile collision were such as to leave him in a staggering and unconscious condition for several hours; that it left him in such condition that he had the appearance of being intoxicated; that the condition of the appellant was due to the injuries to his head and not as a result of being intoxicated. The collision occurred in Somervell County, and Dr. Dabney resided in Granbury, Hood County, Texas. The distance from Glen Rose to Granbury is approximately twenty miles. Apparently the appellant used no diligence to secure the attendance of Dr. Dabney further than to request his presence at the trial. According to the bill of exception, at the time of the trial, Dr. Dabney had been confined in a hospital in Fort Worth, Texas, but had been removed to his home in Granbury, where

he was still suffering from a heart attack. Attached to the bill of exception is the affidavit of Dr. Jarrett, a practicing physician of Granbury, which tended to verify the appellant's statement relative to the condition of Dr. Dabney at the time of the trial. The failure to take the testimony of Dr. Dabney by deposition is not explained. The collision occurred on December 23, 1935. The fact that Dr. Dabney was a practicing physician in Granbury, Texas, that the trial was set for April 27, 1936, and that the subpoena was not issued until April 23, 1936 (about four months after the collision), seems to clearly justify the action of the trial court in overruling the motion for a continuance to secure the testimony of Dr. Dabney. The court qualifies the bill of exception with the statement that there were other physicians in Glen Rose and surrounding towns who no doubt could have been called to give the expert testimony desired by the appellant. As stated above, from the testimony of Dr. Dabney the appellant expected to prove by hypothetical questions that a person might receive such wounds about the head in an automobile collision as to make him stagger and appear as though he was drunk. However, appellant had before the jury the testimony of Dr. Moore who testified that he examined the appellant shortly after the collision and found no injuries except a cut upon the chin. The doctor also testified that the appellant was intoxicated; that there was the odor of liquor upon the breath of the appellant and other symptoms showing that he was drunk.

Upon the record before us, we are constrained to order an affirmance of the judgment, which is accordingly done.

*Affirmed.*